

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 29, 2024

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Lynval Duncan*, 24 Cr. 218 (CM)

Dear Judge McMahon:

  The Government respectfully submits this letter in advance of the September 5, 2024, sentencing for defendant Lynval Duncan and in response to the defense sentencing submission. The Government respectfully submits that a sentence at the bottom of the Stipulated Guidelines range of 57 to 71 months' imprisonment adequately punishes the seriousness of the defendant's conduct while accounting for the defendant's lack of criminal convictions and acceptance of responsibility in this case.

**I.** **Offense Conduct and Procedural History**

  On or about January 10, 2024, the defendant left his home with a brown cardboard box, put the cardboard box in the back seat of his car, and drove to a business parking lot in the Bronx. (PSR ¶¶ 9-11). The cardboard box contained approximately 1 kilogram of cocaine that the defendant planned to sell to a law enforcement confidential source ("CS-1") at the same location where the defendant and CS-1 had previously met for narcotics transactions. (PSR ¶¶ 10, 14). After CS-1 got into the defendant's car with a bag of cash intended to be payment for the heroin, law enforcement officers arrested the defendant and seized the cardboard box. (PSR ¶¶ 13, 14). After his arrest, the defendant gave law enforcement officers consent to search his residence and a wooden shed in the back of the residence that could be opened by a key that the defendant was carrying. (PSR ¶ 15). Based on that search, law enforcement found a revolver in the defendant's bedroom, ammunition in the defendant's closet, and approximately 1.06 kilograms of heroin and 1.36 kilograms of cocaine in the shed. (PSR ¶ 17).

  On January 11, 2024, the defendant was charged in a one-count Complaint with distributing one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). (Dkt. 1). On or about April 9, 2024, the defendant waived indictment, consented to the filing of an Information charging him with violations of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and pleaded guilty pursuant to a plea agreement to the lesser-included offense of distributing heroin in violation of 21 U.S.C. § 841(b)(1)(C). (PSR ¶ 5). Under the plea agreement, the parties

stipulated to a total offense level of 25 based on the following calculations: (1) a base offense level of 30 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(5) because the offense involved more than one kilogram but less than three kilograms of heroin; (2) a 2-level decrease pursuant to U.S.S.G. § 4C1.1 because the defendant has zero criminal history points; and (3) a 3-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). (PSR ¶ 6.a.). The plea agreement also calculated a Criminal History Category of I based on the defendant's lack of criminal history points. (PSR ¶ 6.b.). These calculations resulted in a Stipulated Guidelines Range of 57 to 71 months' imprisonment. (PSR ¶ 6.c.).

Probation calculated the same offense level of 25 (*id.* ¶¶ 25-34), Criminal History Category of V (*id.* ¶¶ 35-38), and resulting Guidelines Range of 57 to 71 months' imprisonment (*id.* ¶ 72). Probation recommended a below-Guidelines sentence of 36 months' imprisonment. (PSR at 22).

## II.   Discussion

### A.   Applicable Law

Although *United States v. Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. 220, 264 (2005). A "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that range "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After making the initial Guidelines calculation, a sentencing judge must then consider the factors outlined in Title 18, United States Code, Section 3553(a), which provides that a sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and sets forth seven specific considerations:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established [in the Guidelines];

    (5) any pertinent policy statement [issued by the Sentencing Commission];

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

While a district court may not presume that an appropriate sentence lies within the Guidelines range, "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. To the extent a district court varies from a Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The Second Circuit has recognized that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." (quotations omitted)).

### B. The Court Should Impose a Sentence at the Bottom of the Stipulated Guidelines Range

The Government respectfully submits that a sentence at the bottom of the Stipulated Guidelines Range is sufficient, but not greater than necessary, in view of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). For the reasons explained below, this is a case in which the Guidelines appropriately capture the seriousness of the offense and the defendant's circumstances.

The distribution of kilogram quantities of heroin is a serious offense. Heroin is a highly addictive drug that ruins lives and destroys families. The defendant attempted to sell approximately one kilogram of heroin to CS-1, with another kilogram of heroin stored in his shed along with more than one kilogram of cocaine. The defendant does not himself use heroin or cocaine (*see* PSR ¶ 59), suggesting that he intended to sell those drugs to others too. The gravity of the defendant's conduct is underscored by his use of a shed in the backyard of his house where his 12-year-old daughter and 3-year-old son lived. (PSR ¶¶ 49-51). Moreover, there is no readily discernable reason for the defendant's crimes, and certainly not one that may mitigate the seriousness of his conduct, such as necessity—indeed, the defendant's wife "cannot imagine why [he] became involved in the instant offense." (PSR ¶ 49). These aggravating factors support the propriety of a Guidelines sentence.

Moreover, there do not appear to be significant mitigating factors—and the defense submission identifies none—that would counsel in favor of a downward variance. As a 50-year-old man, the defendant cannot rely on immaturity and youthful indiscretion as a mitigating factor. Nor is the defendant similarly situated to many other defendants who come from abusive and traumatic family situations who come before the Court for sentencing—by the defendant's own admissions, he had a good childhood, a good relationship with his parents, and a good relationship with his wife. (PSR ¶¶ 45, 46, 49). To be sure, the defendant has no prior criminal convictions. But this too does not warrant a downward variance for at least two reasons. *First*, the defendant's lack of criminal convictions is already captured both by the two-level reduction in his offense level under U.S.S.G. § 4C1.1, as well as the defendant's placement in Criminal History Category I. *Second*, the defendant's lack of criminal history points is not attributable to an otherwise law-abiding life—rather, it appears that the instant conviction was simply the first time that he was caught. Indeed, the defendant (i) was identified as a wholesale distributor of narcotics; (ii) was arrested with approximately one kilogram of heroin; (iii) kept additional kilogram quantities of heroin and cocaine in his shed; and (iv) admitted to previously distributing narcotics in 2019 and 2023. (*See* PSR ¶ 23). Thus, if anything, the defendant's criminal history category arguably understates the extent of his past criminal conduct, which also suggests a greater need to deter this defendant from distributing narcotics in the future.

At bottom, the aggravating factors discussed above amply support a Guidelines sentence. However, the Government acknowledges that the defendant pleaded guilty pre-indictment, obviating the need for the Government to expend additional time and resources presenting this case to a grand jury. Accordingly, the Government submits that a sentence at the bottom of the Stipulated Guidelines Range would appropriately capture the defendant's relatively early acceptance of responsibility.

### III.   Conclusion

For the reasons set forth above, this Court should impose a sentence at the bottom of the Stipulated Guidelines Range.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: _____
      Jerry Fang / Jaclyn Delligatti
      Assistant United States Attorneys
      (212) 637-2584 / 2559

Cc: Anthony F. Siriano, Esq. (by ECF)